In re:  
Kavita J Jagtiani  
    Debtor

Case No. 19-02155-RNO  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-5     User: CKovach     Page 1 of 1     Date Rcvd: Sep 20, 2019  
                     Form ID: pdf010     Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 22, 2019.

```
aty            +C Kevin Kobbe,    DLA Piper LLP (US),    1650 Market Street Ste 5000,
                 Philadelphia, PA 19103-7348
               +Francis J Hoegen Esquire,    152 South Franklin Street,    Wilkes Barres, PA 18701-3036
               +Fuel Up Scranton LLC,    Attn Abid Syed Managing Member,    400 Third Ave Suite 307,
                 Scranton, PA 18505
               +Fuel Up Scranton LLC,    Attn Abid Syed Managing Member,    758 Sans Souci Parkway,
                 Hanover, PA 18706-1331
5212500         American Express National Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern  PA 19355-0701
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                         TOTAL: 0

       ***** BYPASSED RECIPIENTS *****  
NONE.                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 22, 2019                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 20, 2019 at the address(es) listed below:

```
              Brenna Dee Kelly    on behalf of Creditor    Itria Ventures LLC brenna.kelly@dlapiper.com,
               linda.campbell@dlapiper.com
              Brian E Manning    on behalf of Interested Party    CS Management Group, LLC
               BrianEManning@comcast.net, G17590@notify.cincompass.com
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              Charles N Shurr, Jr.    on behalf of Creditor    Santander Bank, N.A. cshurr@kozloffstoudt.com,
               jcoombs@kozloffstoudt.com;dgabala@kozloffstoudt.com;jkrallis@kozloffstoudt.com
              David J. Harris    on behalf of Debtor 1 Kavita J Jagtiani dh@lawofficeofdavidharris.com,
               davidharrisesqign@gmail.com
              James Warmbrodt    on behalf of Creditor    Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO
               Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1
               bkgroup@kmllawgroup.com
              James Warmbrodt    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              Lisa M. Doran    on behalf of Debtor 1 Kavita J Jagtiani ldoran@dorananddoran.com
              Thomas J. MacNeely    on behalf of Creditor    LiftForward, Inc. tmacneely@rjglaw.com,
               rschaffer@rjglaw.com;czendarski@rjglaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 10
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: )
)  Chapter 13
KAVITA J. JAGTIANI, )
)  Case No. 5-19-bk-02155-RNO
Debtor. )
)

## ORDER GRANTING MOTION FOR RULE 2004 EXAMINATION OF FUEL UP SCRANTON, LLC

Upon consideration of the *Motion for Rule 2004 Examination of Fuel Up Scranton, LLC* filed by Itria Ventures LLC, and the Court having determined that appropriate notice of the Motion has been given and that good and sufficient cause exists to grant the relief requested in the Motion,

IT IS, THEREFORE, ORDERED as follows:

1. The Motion is GRANTED.

2. Fuel Up Scranton, LLC, by and through one or more of its directors, officers, managing agents or other representatives, shall appear for examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure upon ten (10) days' written notice.

3. Fuel Up Scranton, LLC shall produce prior to such examination all documents in its possession, custody or control identified in the attached Schedule of Documents.

Dated: September 20, 2019      By the Court,

_____
Robert N. Opel, II, Chief Bankruptcy Judge (BI)

## Schedule of Documents

### I. Definitions

1. "**Fuel Up Scranton**" means Fuel Up Scranton, LLC

2. "**Debtor**" means Kavita J. Jagtiani.

3. "**Plutus**" means Plutus 1, LLC.

4. "**CS Management**" means CS Management Group LLC.

5. "**Citgo Business**" means the Citgo gas station and convenience store business located at 3101 Pittston Avenue in Scranton, Pennsylvania.

6. "**All**" shall mean "**any**" and vice-versa.

7. "**And**" shall mean "**or**" and vice-versa.

8. The singular shall mean the plural and vice-versa.

9. "**Document**" means any written, typed, printed, recorded, electronically stored and/or electronically transmitted matter or data of every nature, character and kind, however and by whomever prepared, produced, reproduced or disseminated, including but not limited to books, records, papers, contracts, agreements, memoranda, reports, transcripts, statements, declarations, affidavits, letters, correspondence, emails, texts, messages, calendars, schedules, diaries, minutes, notes, abstracts, summaries, charts, graphs, tabulations, accounts, purchase orders, change orders, invoices, intra- and inter-office communications, bulletins, circulars, pamphlets, drawings, computer data compilations, discs, drives, photographs, films, slides, tapes and other electronic, magnetic, photographic and sound recordings.

10. "**Communication**" means any transmission of information, the information transmitted and any process by which information is transmitted, and shall include both written communication and oral communication.

11. "**Relate to**" or "**relating to**" means affecting, constituting, referring to, reflecting, stating, describing, discussing, noting, analyzing, evaluating, evidencing, supporting and/or contradicting.

### II. General Provisions and Instructions

1. The party to whom this request is directed shall produce all documents in its possession, custody or control, including all documents in the possession, custody or control of present and former agents and representatives (including employees, attorneys, accountants, consultants and investigators).

2. All documents produced in response to this request shall be produced in their entirety even if portions thereof contain information not requested, shall include drafts as well as final editions of all requested document, and shall include all editions or copies of a document which are not identical (whether due to handwritten notations, revisions or otherwise) to the original or other produced copy of a document.

3. Electronically stored information shall be produced in an intelligible format such that it can be readily accessed. The production of electronic records and information shall include a description of the database or system from which the records and information were obtained.

4. If any part of this request is deemed to call for the production of any privileged documents and a privilege is asserted, a log shall be furnished identifying each document withheld together with a brief description of the document and the reason for withholding.

5. This request shall be deemed continuing so as to require further and supplemental production should the party to whom this request is directed obtain additional documents falling within its scope.

### III.  Documents to be Produced

1. All documents (including but not limited to any asset purchase agreement, bill of sale, assignment and settlement statement) relating to Fuel Up Scranton's acquisition of the Citgo Business.

2. All documents (including but not limited to any asset purchase agreement, bill of sale, assignment and settlement statement) relating to Fuel Up Scranton's transfer of the Citgo Business to CS Management.

3. All documents provided by Fuel Up Scranton to Citgo in connection with any transfer of the Citgo Business.

4. All documents relating to any payments or other transfers made by or on behalf of Plutus, the Debtor and/or Abid Syed to or for the benefit of Fuel Up Scranton during the period January 1, 2017 to the present.

5. All documents relating to any payments or other transfers made by or on behalf of Fuel Up Scranton to or for the benefit of Plutus, the Debtor and/or Abid Syed during the period January 1, 2017 to the present.

6. All documents relating to any payments or other transfers made by or on behalf of CS Management to or for the benefit of Fuel Up Scranton during the period January 1, 2017 to the present.

7. All federal and state income tax returns filed by or on behalf of Fuel Up Scranton for the years 2017 through the present.

8. All financial statements prepared by or on behalf of Fuel Up Scranton at any time during the period from January 1, 2017 to the present.

9. All documents (including but not limited to account statements, check registers and cancelled checks) relating to any checking account, savings account or other account maintained by Fuel Up Scranton at any time during the period from January 1, 2017 to the present.

3