**DAVID J. HARRIS, ESQUIRE**
**COUNSEL FOR THE DEBTOR**
PA S. Ct. No.: 48558
FL Bar No.: 0451207

69 Public Square, Suite 700
Wilkes-Barre, PA 18701
Telephone: (570) 823-9400
Facsimile:  (570) 208-1400
E-Mail:    dh@lawofficeofdavidharris.com

---

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                :
                                      :      Case No.: 5:19-bk-02155-RNO
KAVITA J. JAGTIANI a/k/a              :      Chapter 13
KAVITA SYED                           :
              Debtor                  :

---

KAVITA J. JAGTIANI a/k/a              :
KAVITA SYED,                          :
                                      :
              Movant                  :
     vs.                              :
                                      :
CHARLES J. DeHART, III, ESQUIRE       :
STANDING CHAPTER 13 TRUSTEE,          :
LUZERNE COUNTY TAX CLAIM              :
BUREAU, WELLS FARGO BANK, N.A.,       :
ITRIA VENTURES, INC., SANTANDER       :
BANK, N.A., FIRST NATIONAL BANK       :
OF PENNSYLVANIA and ABID SYED,        :
                                      :
              Respondents             :

---

## CERTIFICATE OF SERVICE

---

I, David J. Harris, do hereby certify that I on February 24, 2020, I served a true and

correct copy of the attached Order of the Bankruptcy Court dated February 24, 2020, Motion to

Sell Real Estate Free and Clear of Lines and Encumbrances Pursuant to 11 USC 363(f), and

Proposed Order on the following parties in the matter set forth below:

**By ECF**
Charles J. Dehart, III Esquire
Chapter 13 Trustee
P. O. Box 410
Hummelstown, PA 17036

**By First Class Mail**
Luzerne County Tax Claim Bureau
ATTN: NADINE
16 North River Street
Wilkes-Barre, PA 18702

**By First Class Mail and ECF**
Wells Fargo Bank, N.A.
c/o James C. Warmbrodt, Esquire
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street
Philadelphia, PA 19106

**By First Class Mail and ECF**
SANTANDER BANK, N.A.
c/o Charles N. Shurr, Jr. Esquire
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA 19610

**By First Class Mail and ECF**
ITRIA VENTURES, LLC
c/o Brenna D. Kelly, Esquire
DLA Piper, LLC
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300

**By Certified Mail/#70150640000341115060**
BBR Investments, LLC
ATTN: Carole Kendall, BBR60020
100 North Center Street
Newton Falls, OH 44444

**By Certified Mail/#70130600000107055306**
UNITY BANK
ATTN: James A. Hughes, CEO
64 Old Highway 22
Clinton, New Jersey 08809

**By First Class Mail**
UNITY BANK
c/o Ethan W. Smith, Esquire
Starfield & Smith, P.C.
501 Office Center Drive, Suite 350
Fort Washington, Pennsylvania 19034.

**By Certified Mail/#70150640000341116968**
First National Bank of PA
ATTN: Vincent J Deile, Jr., CEO
One North Shore Center
Pittsburgh, PA 15212

**By First Class Mail**
First National Bank of PA
c/o Donna M. Donaher, Esquire
Tucker Arensberg. P.C.
1 PPG Place, #1500
Pittsburgh, Pennsylvania 15222

I certify under penalty of perjury that the foregoing is true and correct.

RESPECTFULLY SUBMITTED:

Dated: February 25, 2020
         Wilkes-Barre, Pennsylvania

/s/ David J. Harris, Esquire
DAVID J. HARRIS, ESQUIRE

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re:

Kavita J Jagtiani,
aka Kavita Syed,

**Debtor 1**

Chapter: 13

Case number: 5:19–bk–02155–RNO

Document Number: 65

Matter: Motion for Sale Free and Clear of Liens

KAVITA J. JAGTIANI a/k/a KAVITA SYED,
**Movant(s)**

vs.

CHARLES J. DeHART, III, ESQUIRE STANDING CHAPTER 13 TRUSTEE, LUZERNE COUNTY TAX CLAIM BUREAU, WELLS FARGO BANK, N.A., UNITY BANK, ITRIA VENTURES, INC., SANTANDER BANK, N.A., FIRST NATIONAL BANK OF PENNSYLVANIA, and ABID SYED,
**Respondent(s)**

### Order

Unless earlier served through CM/ECF, **IT IS ORDERED** that service of this Order and the above–referenced Motion shall be made by the moving party on all respondent(s) named in the Motion claiming an interest in the property, counsel, and in a Chapter 11 case service shall also be made upon the Trustee, if any, U.S. Trustee and the individuals identified in F.R.B.P. 4001(a)(1) and L.B.R 4001–6. Service shall be made within seven (7) days from the date hereof and certification of service filed with this Court within fourteen (14) days from the date hereof.

**IT IS FURTHER ORDERED** that answers to the Motion must be served on the moving party and a copy filed with this Court, within fourteen (14) days from the service date of this Order. If no Response is filed, relief may be granted. A hearing will be held if a responsive pleading is timely filed, requested by the moving party, or ordered by the Court. If a default order has not been signed and entered, the parties or their counsel are required to appear in Court at the hearing on the below date and time.

| United States Bankruptcy Court Max Rosenn US Courthouse, Courtroom #2, 197 South Main Street, Wilkes–Barre, PA 18701 | Date: 3/26/20 Time: 09:30 AM |
|---|---|

Dated: February 24, 2020

By the Court,

Honorable Robert N. Opel, II
United States Bankruptcy Judge
By: ChristinaKovach, Deputy Clerk

Initial requests for a continuance of hearing ( *L.B.F. 9013-3, Request to Continue Hearing/Trial with Concurrence*) shall be filed with the Court. Requests received by the Court within twenty-four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074-1(a).

Electronic equipment, including cell phones, pagers, laptops, etc., will be inspected upon entering the Courthouse. These devices may be used in common areas and should be turned to silent operation upon entering the Courtroom and Chambers.

Photo identification is required upon entering the Courthouse.

orreshrg(5/18)

DAVID J. HARRIS, ESQUIRE
COUNSEL FOR THE DEBTOR
PA S. Ct. No.: 48558
FL Bar No.: 0451207

69 Public Square, Suite 700
Wilkes-Barre, PA 18701
Telephone: (570) 823-9400
Facsimile:  (570) 208-1400
E-Mail:    dh@lawofficeofdavidharris.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No.: 5:19-bk-02155-RNO |
| KAVITA J. JAGTIANI a/k/a | : | Chapter 13 |
| KAVITA SYED | : | |
| Debtor | : | |

| | |
|---|---|
| KAVITA J. JAGTIANI a/k/a | : |
| KAVITA SYED, | : |
| | : |
| Movant | : |
| vs. | : |
| | : |
| CHARLES J. DeHART, III, ESQUIRE | : |
| STANDING CHAPTER 13 TRUSTEE, | : |
| LUZERNE COUNTY TAX CLAIM | : |
| BUREAU, WELLS FARGO BANK, N.A., | : |
| UNITY BANK, ITRIA VENTURES, INC., | : |
| SANTANDER BANK, N.A., FIRST | : |
| NATIONAL BANK OF PENNSYLVANIA, | : |
| and ABID SYED, | : |
| Respondents | : |

## MOTION TO SELL REAL ESTATE FREE AND CLEAR OF LIENS
## AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(f)

The Movant, KAVITA J. JAGTIANI a/k/a KAVITA J. SYED, by and through her

counsel, David J. Harris, Esquire, files this Motion to Sell Real Estate Free and Clear of Liens

and Encumbrances pursuant to 11 U.S.C. § 363(f) and in support thereof, avers as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction over the present matter pursuant to 28 U.S.C. § 157.

1

2.    This Motion and its approval by the Court is a core proceeding under 28 U.S.C. §157(b)(2)(N).

3.    Venue is proper pursuant to 28 U.S.C. § 1409.

4.    The relief sought by this Motion is authorized by 11 U.S.C. § 363(f).

## The Parties and Background

5.    The Movant, KAVITA J. JAGTIANI a/k/a KAVITA J. SYED as Debtor, filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on May 17, 2019. She is an adult individual with an address of 50 Ice Lake Drive, Mountain Top, Pennsylvania 18707.

6.    The Movant and her husband, ABID SYED, own certain improved real estate in Mountain Top, Luzerne County, Pennsylvania 18707, commonly known as 30 North Chestnut Drive, as described in Luzerne County Deed Book 3006, at page 131,799, et seq., and having a Property Identification Number: 06-P8S1-001-00H-031 (the "Property").

7.    The Respondent, CHARLES J. DeHART, III, ESQUIRE, is the Standing Chapter 13 Trustee in the Debtor's bankruptcy case. He has a business mailing address of P. O. Box 410, Hummelstown, Pennsylvania 17036.

8.    The Respondent, LUZERNE COUNTY TAX CLAIM BUREAU, is a governmental agency, responsible for the collection of real estate taxes in Luzerne County, Pennsylvania, with an address of 16 North River Street, Wilkes-Barre, Pennsylvania 18702.

9.    The Respondent, WELLS FARGO BANK, N.A., is a lending institution with an address c/o of its servicer, Select Portfolio Services, Inc., P. O. Box 65250, Salt Lake City, Utah 84165-0250.  Its counsel is James C. Warmbrodt, Esquire, KML Law Group, P.C., 701 Market Street, Philadelphia, Pennsylvania 19106.  WELLS FARGO BANK, N.A. holds a first position

2

lien that fully encumbers the equity in the Property that is reflected by a Corporate Assignment of Mortgage recorded on September 12, 2019 in Luzerne County Record Book 3019, at page 163227, et seq. relative to a Mortgage of Mortgage Electronic Registration Systems, Inc. as Nominee for Mortgage Lenders Network USA, Inc. recorded on May 28, 2006 in Luzerne County Record Book 3006, at page 131850, et seq.

10.     The Respondent, UNITY BANK, is a lending institution with an address of 64 Old Highway 22, Clinton, New Jersey 08809. Its counsel of record is Ethan W. Smith, Esquire, 501 Office Center Drive, Suite 350, Fort Washington, Pennsylvania 19034. UNITY BANK holds a second position mortgage lien that does not attach to equity in the Property as a result of the senior lien of WELLS FARGO BANK, N.A. The original principal amount of this Mortgage was approximately $1,000,000.00. Its mortgage was recorded on December 17, 2007 in Luzerne County Record Book 3007, at page 334709 et seq.

11.     The Respondent, ITRIA VENTURES, LLC, 462 7th Avenue, Floor 20, New York, NY 10018-7423 is a lending institution or entity that holds a judgment against the Movant and her husband, which was filed in the Office of the Prothonotary of Luzerne County on July 13, 2018 at Docket No.: 7922-2018. The lien of the judgment of ITRIA VENTURES, LLC does not attach to equity in the Property as a result of the senior liens of WELLS FARGO BANK, N.A. and UNITY BANK. Its counsel of record is Cory Sidelsky, Esquire, DLA Piper, LLC, 2 Liberty Place, 1650 Market Street, Suite 500, Philadelphia, Pennsylvania 19109.

12.     The Respondent, SANTANDER BANK, N.A., is a lending institution with an address c/o Ana C. Stesney, Vice-President, CBB Risk Management, 3 Terry Drive, Suite 102, Newtown, Pennsylvania 18940. SANTANDER BANK, N.A. holds a judgment filed of record in the Office of the Prothonotary of Luzerne County on August 22, 2018 at Docket No.: 9709-2015.

3

The lien of the judgment of this Respondent does not attach to equity in the Property as a result of the senior lien of WELLS FARGO BANK, N.A.

13.     The Respondent, FIRST NATIONAL BANK OF PENNSYLVANIA, is a lending institution with a mailing address of One North Shore Center, Pittsburgh, Pennsylvania 15212. Its counsel is Donna M. Donaher, Tucker Arensberg. P.C., Esquire 1 PPG Place, #1500, Pittsburgh, Pennsylvania 15222. FIRST NATIONAL BANK OF PENNSYLVANIA holds a judgment filed in the Office of the Prothonotary of Luzerne County on August 22, 2018 at Docket No.: 4370-2019. As the judgment is solely against the Debtor's husband, ABID SYED, it does not attach to the Property, which is held as a tenancy by the entireties.

14.     Movant and her husband have entered into a Standard Agreement for the Sale of Real Estate dated November 1, 2019 as amended on February 3, 2020 ("Agreement") to sell the Property to Muhammed Ahmad and Sobia Siddique (the "Purchasers") of Mountain Top, Luzerne County, Pennsylvania 18707, for the sum of ONE HUNDRED SIXTY THOUSAND and 00/100 ($160,000.00) DOLLARS. A copy of the Agreement is attached hereto as Exhibit "A."

15.     The Purchasers are not related to the Movant and her family, nor are they financially or economically related or connected with Movant and her family in any manner.

16.     The Property is being sold for slightly less than its appraised fair market value of $168,000.00, but since the sale is being accomplished without a real estate agent, the Debtor believes that the sale is in the best interests of all parties. Moreover, as the Property is encumbered by Respondents, mortgage and judgment liens, which have balances that are many multiples of the value of the Property, the small differential adversely affects no party.

4

## Relief Sought and Supporting Law

17.      The Movant, with the consent of her husband, ABID SYED as co-owner, seeks to effectuate the sale of the Property free and clear of liens and encumbrances pursuant to Section 363 (f) of the Bankruptcy Code and to pay from the net sales proceeds therefrom in the following order:

(A)      First, to satisfy ordinary closing costs, including realtor's commissions, if any, transfer taxes, and attorney's fees and reimbursement of costs;

(B)      Second, to satisfy liens of record, as their interests may appeal (based on lien priority position); and

(C)      The balance, if any, to the Chapter 13 Trustee.

WHEREFORE, Movant prays that this Honorable Court authorize the sale of the Property in accordance with the terms set forth above, free and clear of liens and encumbrances, including any and all ownership interests, mortgages, judgments, municipal liens, charges, and other liens held by the Respondents.

RESPECTFULLY SUBMITTED:


Dated: February 24, 2020              By:      /s/ David J. Harris
      Wilkes-Barre, Pennsylvania                    DAVID J. HARRIS, ESQUIRE

5

# Real Estate Purchase Agreement

THIS AGREEMENT is made on February 05, 2020, between Abid Syed and Kavita Jagtiani (hereinafter "Seller"), of 50 ice lake dr, Mountain Top, Pennsylvania 18707, and Muhammad Ahmad and Sobia Siddique (hereinafter "Buyer"), of 30 N Chestnut dr, Drums, Pennsylvania 18222 for the sale of the below described property pursuant to the following terms and conditions:

## Legal Description and Address

The real property located at 30 N Chestnut dr, Drums, Pennsylvania 18222, Luzerne County, in the Hazleton School District, together with all buildings, improvements and fixtures constructed or located on the Land (Buildings) and all easements and rights benefiting or appurtenant to the Land (collectively the Real Property). The Real Property is legally described as: Townhouse/condo

## Brokers

Both Parties are unrepresented by Broker(s)/Realtor(s) with respect to this Agreement.

## Purchase Price

Buyer agrees to purchase the Real Property for a total sum of $160,000.00 and the costs of Settlement related to this sale. The full amount of the Purchase Price shall be due upon Settlement, less a deposit in the amount of $5,000.00, which shall be due within 30 days of the Execution Date.

The deposit shall be made in the form of Personal Check and will be held in escrow by Seller.

## Settlement

The Settlement Date is April 30, 2020, and Settlement shall be held at a time and location convenient for both Buyer and Seller. The Parties shall have the option to extend the date of Settlement for an additional period(s) if the Parties agree in writing. Time is of the essence, and in no event shall Settlement be later than 30 calendar days after the designated Settlement Date, unless an extension is agreed upon in writing between Buyer and Seller.

Upon Settlement, all fees relating to ownership of the Property (including, but not limited to, any taxes; homeowner association fees; utility, water, or sewer fees; and/or interest on mortgage assumptions) shall be prorated, with Seller responsible for all fees up to and including the Settlement Date, and Buyer responsible for all fees after the Settlement Date. The responsibility for all transfer taxes will be shared equally between Buyer and Seller.

## Delivery of Deed and Possession

Upon Settlement, Seller will convey the Property to Buyer by Warranty Deed. Physical possession

This is EXHIBIT B to the document.

will be delivered with keys to the Property upon Settlement, and Seller will ensure that the Property is clean and free of any garbage or other items not listed in the section titled "Fixtures."

## Execution Date

The Execution Date is the latest date upon which all parties have signed the Agreement.

## Time of the Essence

All dates named in this Agreement shall be considered of the essence and are binding upon Buyer and Seller. Any changes to these dates must be agreed to in writing and signed by Buyer and Seller.

## Zoning Classification

The Zoning Classification for the Property, according to the local zoning ordinance where the Property is located, is Residential.

## Fixtures

The following are considered part of the Property with respect to this Agreement, and possession thereof will pass from Seller to Buyer upon Settlement:

- Attached light fixtures and ceiling fans
- Heating, cooling, and plumbing fixtures and equipment
- Window treatments
- All built-in kitchen appliances
- All bathroom fixtures and bathroom mirrors
- All equipment and controls related to the home security system
- Controls and equipment for the garage door opener

## Financing Contingency

This Agreement is contingent upon Buyer obtaining financing for a minimum amount of $155.00 U.S. Dollars and a minimum term of 30 years, at a maximum interest rate of 4.5%. If confirmation of Buyer's financing is not delivered on or before February 10, 2020, this Agreement may be terminated by Buyer or Seller, with any deposits on the Purchase Price returned to Buyer.

Buyer shall, upon receiving confirmation of financing, make every effort to promptly and without unreasonable delay provide a copy of such confirmation to Seller.

Buyer will be considered in default of this Agreement if Buyer makes false or misleading statements in Buyer's application for financing.

If Buyer experiences a change in financial circumstances that affects Buyer's ability to complete the terms of this Agreement, Buyer must promptly notify Seller and Buyer's lender of such change.

**Water Service**

The Property is served by public water.

**Sewer Service**

The property is served by public sewer.

**Seller's Disclosure Statement**

In accordance with 49 Pa. Code Section 35.335a, Seller shall provide a completed Seller's Disclosure Statement that shall be attached to, and made part of, this Agreement.

**Waiver of Contingencies**

If this Agreement is contingent on Buyer's right to inspect and/or repair the Property, or to verify insurability, environmental conditions, boundaries, certifications, zoning classification or use, or any other information regarding the Property, Buyer's failure to exercise any of Buyer's options within the times set forth in this Agreement is a WAIVER of that contingency and Buyer accepts the Property and agrees to the section of this Agreement titled "Release."

**Contingencies**

This sale is contingent upon Buyer's acceptance of the Property after inspection. Buyer shall have a Due Diligence Period of 45 days after Execution of this Agreement to request inspection(s) be performed, at Buyer's expense, and make a determination as to the acceptability of the Property for Buyer's purposes. If Buyer determines that the Property is not acceptable, Buyer will notify Seller in writing before the end of the Due Diligence Period that Buyer is terminating the Agreement. Any deposited funds will be returned to Buyer, and this Agreement will be terminated. If the Due Diligence Period expires without Buyer delivering a notice of termination, or if Buyer at any point during the Due Diligence Period provides Seller with written notice of acceptance of the Property, this Agreement shall remain in full force and effect.

No Home Inspection Contingency. There is no home inspection contingency as such inspection(s) has already been obtained and completed by Buyer, and Buyer is satisfied with such inspection(s) and the results thereof and wishes to proceed with this purchase/sale.

**Buyer, please initial if the above statement is correct** _____

No Wood-Destroying Insect Report. There is no Wood-Destroying Insect Report contingency as Buyer has WAIVED the right to such Wood-Destroying Insect Inspection and Report.

This is an Exhibit of a Verified document.

**Buyer, please initial if the above statement is correct**

Boundary, Easement and Municipal Review. Buyer has WAIVED the Boundary, Easement and Municipal Review of the premises.

**Buyer, please initial if the above statement is correct**

No Radon Testing. There is no radon contingency as Buyer has WAIVED the right to such Radon and Testing Report.

**Buyer, please initial if the above statement is correct**

**Title**

The title to the Premises shall be such as will be insured by any reputable title insurance company doing business in Luzerne County, Pennsylvania, as a good, complete and marketable title at regular rates, free and clear of all liens and encumbrances, except the following:

(a) Rights, if any, of any gas, telephone, electric, oil or other public utility company;
(b) Provisions of municipal ordinances;
(c) Easements of all roads, streets, lanes and avenues, if any, bounding or included within the boundaries of the Premises;
(d) Easements appearing of record; and
(e) Variations of line and deficiency in quantity of ground.

In the event title is such that it cannot be insured at regular rates by a reputable title insurance company as stated above, or if title has other liens or encumbrances not provided for as set forth above, this Agreement shall be null and void **unless the buyer elects to accept title without insurance or subject to additional exceptions with no abatement in Purchase Price. Buyer, please initial selection.**

_____ The Buyer WAIVES the right to obtain Title Insurance
_____ The Buyer will obtain Title Insurance

**Share of Costs**

Buyer will be responsible for the following costs associated with this Agreement:

- The cost of a title search, title insurance, and any fees associated therewith;
- Flood and fire insurance and any fees associated therewith;
- Appraisal fees;
- Survey(s) of the Property required by the Lender; and
- All other charges borne by Buyer consistent with the terms of this Agreement.

This is an accurate copy of the document.
EXHIBIT A

Seller will be responsible for the cost of any survey(s) required by the title insurance provider to verify the complete and correct legal description of the Property.

**Utilities**

Seller shall pay when due all assessments and charges relating to periods prior to the date of Settlement, including, but not limited to, trash, recycling, utilities, and fees related to housing permits. Upon Settlement, Buyer shall assume all fees related to water, sewer, trash, recycling, utilities, and fees related to housing permits.

**Risk of Loss**

The risk of loss or damage to the Premises, or for any liability arising on the Premises until delivery of the deed, is assumed by Seller until completion of Settlement. In the event of fire or damage from other casualties to the Premises that is not repaired or replaced prior to Settlement, Buyer shall have the option of rescinding this Agreement or of accepting the Premises in its then-existing condition together with the proceeds of any insurance recovery obtained by Seller. Seller is hereby notified that Buyer may insure Buyer's equitable interest in the Premises as of the date of Execution of this Agreement. If there is a loss covered by insurance purchased by Buyer, and should Buyer wish to complete the transaction under this Agreement, there shall be no abatement in Purchase Price. In such event, Seller shall be required to provide Buyer with any insurance proceeds received for such loss covered by insurance purchased by Buyer.

**Assignment**

This Agreement shall be binding upon and inure to the benefit of the parties to this Agreement and their respective heirs, executors, administrators, legal representatives, successors, and assigns as permitted by this Agreement. Neither party may transfer or assign their rights or obligations under this Agreement without the written consent of the other party. In the event that either party should transfer or assign their rights or obligations under this Agreement without obtaining such written consent, the assigning party, at the option of the non-assigning party, may be considered in default under the terms of this Agreement.

**Governing Law**

This Agreement shall be construed and interpreted according to the laws of the Commonwealth of Pennsylvania.

**Termination and Default**

In the event that either party terminates this Agreement in writing in accordance with the provisions of this Agreement, any deposit made will be returned to Buyer, and this Agreement will be considered void.

In the event that Seller defaults under this Agreement, any deposit made will be returned to Buyer.

Buyer shall have the right to pursue legal action to compel specific performance of this Agreement, damages, or both.

In the event that Buyer defaults under this Agreement, any deposit made will be forfeited by Buyer and will be distributed to Seller as damages, and this Agreement will be considered void.

**Dispute Resolution**

The parties agree that, prior to filing suit in any court, any dispute arising from or related to this Agreement shall be submitted to the local county Bar Association Alternative Dispute Resolution (ADR) Program for Mediation or Binding Arbitration, as the parties may agree. In the event that the parties are unable to reach an agreement, the dispute shall be submitted for binding arbitration. In the event that the local county does not have a Bar Association ADR program, any controversies or disputes arising out of or relating to this Agreement shall be resolved by binding arbitration in accordance with the provisions of Pennsylvania Common Law Arbitration 42 Pa. C.S.A. § 7341 et seq. Each party shall select an acceptable arbitrator knowledgeable about issues relating to the subject matter of this Agreement, and the selected arbitrators shall appoint a third arbitrator. The decision rendered by the arbitrators shall be final and binding on the parties, and judgment may be entered in conformity with the decision in any court having jurisdiction.

**Release**

Buyer releases, quit claims and forever discharges Seller, all Brokers, their licensees, employees and any officer or partner of any one of them and any other person, firm, or corporation who may be liable by or through them, from any and all claims, losses, or demands, including, but not limited to, personal injury and property damage and all of the consequences thereof, whether known or not, which may arise from the presence of termites or other wood-boring insects, radon, lead-based paint hazards, mold, fungi or indoor air quality, environmental hazards, any defects in the individual on-lot sewage disposal system or deficiencies in the on-site water service system, or any defects or conditions on the Property. Should Seller be in default under the terms of this Agreement or in violation of any Seller disclosure law or regulation, this release does not deprive Buyer of any right to pursue any remedies that may be available under law or equity. This release will survive Settlement.

**Recording**

This Agreement shall not be recorded. Nothing contained in this Agreement shall operate to bind or to affect the title to the Premises in the event Buyer or Seller fails to fulfill the terms of this Agreement. In the event that, despite the foregoing, this Agreement should be recorded and entered of record, Buyer agrees and represents that such recording shall be of no effect whatsoever and shall not constitute either public notice or a cloud on Seller's title. Buyer hereby waives and releases any and all rights whatsoever, in law or in equity, which might otherwise accrue to Buyer as a result of such recording.

**Notice for Repair, Etc.**

This is a FORFEITURE Fcb1Ad0cument.

Seller covenants and represents that, prior to the Execution of this Agreement, no notice from any governmental authority has been served upon the Premises or upon Seller or any Seller's agent requiring or calling attention to the need for any work, repairs, constructions, alterations, or installations on or in connection with the Premises. Buyer will be responsible for the costs of all such work, repairs, construction, alterations, or installation which may be required to called attention to by any notice served by any of the foregoing authorities at or after the Effective Date of this Agreement.

**Defaults, Remedies**

Time is of the essence of this Agreement. If Buyer is unable to complete the transaction as enunciated in this Agreement, subject to the requirements and limitations on termination set forth in the section titled "Contingencies," this Agreement shall be deemed null and void. In the event that the Contingency Date (Due Diligence Period) is past and Buyer is unable to complete the transaction as contemplated by this Agreement, this Agreement shall be deemed null and void. In either event, the Down Payment paid by Buyer to Seller in accordance with this Agreement will not be refunded as set forth elsewhere in this Agreement and will be retained as liquidated damages.

**Personal Property**

Any personal property which will be transferred between Buyer and Seller shall be included and addressed in a separate Bill of Sale and shall not be deemed a part of this Agreement.

**Binding on Heirs**

For the true performance of all terms and conditions in this Agreement, Seller and Buyer bind themselves, their heirs, executors, administrators, successors, and assigns.

**Premises Condition at Transfer**

Buyer shall have the right to inspect the Premises prior to the transfer of possession. Seller shall have the entirety of the Premises clear of all debris, but the Premises shall be offered otherwise "as is," unless subject to a Contingency under this Agreement.

**Non-Waiver**

The failure of either party to insist upon strict performance by the other party in one or more instances shall not be construed as a waiver, release, or relinquishment of any term, covenant, or condition of this Agreement, but on the contrary, each term, covenant, or condition of this Agreement shall continue in full force and effect.

**Integration, Modification**

This is a PDF/A document. This is an archived document.

This Agreement is the entire agreement between the parties, and there are no understandings or oral agreements dealing with the same subject matter other than those contained in this Agreement. This Agreement cannot be modified except by a writing signed by the parties hereto or their authorized agents or assigns.

**Multiple Counterparts**

This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original.

**Notices**

All notices shall be in writing, and such notices and any payment required to be made prior to the closing of title under this Agreement shall be sent by certified mail, return receipt requested.

**Entire Agreement**

This Agreement represents the sole and entire agreement between Buyer and Seller. This Agreement shall not be modified without signed, written consent from both parties.

In witness of the mutual promises made above, Seller and Buyer have executed this contract.

SELLER:

_____          _____
Abid Syed                                 Date    2/5/2020

_____          _____
Kavita Jagtiani                           Date    2/5/2020


BUYER:

_____          _____
Muhammad Ahmad                            Date    02/5/2020

_____          _____
Sobia Siddique                            Date    2/05/2020

# Real Estate Purchase Agreement
## Disclosure of Information on Lead-Based Paint
## or Lead-Based Paint Hazards

**Lead Warning Statement**

Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before selling pre-1978 housing, sellers must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Buyers must also receive a federally approved pamphlet on poisoning prevention.

**Seller's Disclosure**

(a) Presence of lead-based paint and/or lead-based paint hazards (Check (i) or (ii) below):
   (i) _____ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain): _____

   (ii) __X__ Seller has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.

(b) Records and reports available to the landlord (Check (i) or (ii) below):
   (i) _____ Seller has provided the Buyer with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents):
   _____

   (ii) __X__ Seller has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Buyer's Acknowledgment**

(c) _____ Buyer has received copies of all information listed above.

(d) _____ Buyer has received the pamphlet *Protect Your Family From Lead In Your Home*.

**Agent's Acknowledgment**

\* The term Agent is defined as any party who enters into a contract with the Seller, including anyone who enters into a contract with a representative of the Seller for the purpose of selling housing.

(e) _____ Agent has informed the Seller of the seller's obligations under 42 U.S.C. 4852(d) and is aware of his/her responsibility to ensure compliance.

This is a Redacted Digitally Copy document.

**Certification of Accuracy**

The following parties have reviewed the information above and certify, to the best of their knowledge, that the information they have provided is true and accurate.

**Seller:**

_____          _____
Abid Syed                                                          Date

_____          _____
Kavita Jagtiani                                                    Date

**Buyer:**

_____          _____
Muhammad Ahmad                                              Date

_____          _____
Sobia Siddique                                                    Date

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:                                      :
                                            :     Case No.: 5:19-bk-02155-RNO
KAVITA J. JAGTIANI a/k/a                    :     Chapter 13
KAVITA SYED                                 :
                    Debtor                  :

---

KAVITA J. JAGTIANI a/k/a                    :
KAVITA SYED,                                :
                                            :
                    Movant                  :
         vs.                                :
                                            :
CHARLES J. DeHART, III, ESQUIRE             :
STANDING CHAPTER 13 TRUSTEE,                :
LUZERNE COUNTY TAX CLAIM                    :
BUREAU, WELLS FARGO BANK, N.A.,             :
UNITY BANK, ITRIA VENTURES, INC.,           :
SANTANDER BANK, N.A., FIRST                 :
NATIONAL BANK OF PENNSYLVANIA,:
and ABID SYED,                              :
                    Respondents             :

---

**ORDER AUTHORIZING SALE OF REAL ESTATE FREE AND CLEAR**
**OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363**

---

Upon consideration of the Debtor's Motion To Sell Real Estate Free and Clear of Liens

and Encumbrances Pursuant to 11 U.S.C. § 363, as Amended (the "Motion"):

IT IS HEREBY ORDERED and DECREED that, Movant, KAVITA J. JAGTIANI a/k/a

KAVITA SYED, is authorized and empowered to sell, along with her spouse, ABID SYED, that

certain improved real estate in Mountain Top, Luzerne County, Pennsylvania, commonly known

as 30 North Chestnut Drive, and described in Luzerne County Deed Book  3006, at page 131799,

et seq., having a Property Identification Number of  06-P8S1 -001-00H-031 (the "Real Estate"),

as set forth in the Motion and pursuant to the terms of a Standard Agreement for the Sale of Real

Estate dated November 1, 2020 with Muhammed Ahmad and Sobia Siddique, for the sum of

ONE HUNDRED SIXTY-FIVE THOUSAND and 00/100 ($160,000.00) DOLLARS and that

such sale shall be free and clear of liens and encumbrances pursuant to Section 363 of the

Bankruptcy Code with the net sales proceeds thereof to be paid as set forth in the Motion.

.

2